```
               UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF FLORIDA
                    FORT MYERS DIVISION
```

JUAN M. CRUZ-ROS

      Petitioner,

  v.                             Case No. 2:25-cv-1006-JES-NPM

WARDEN, FLORIDA SOFT SIDE
SOUTH, et al.,

      Respondents,

---

## OPINION AND ORDER

Before the Court are Juan M. Cruz-Ros's petition for writ of habeas corpus (Doc. 1), the Government's response (Doc. 6), and Cruz-Ros's reply (Doc. 8). For the following reasons, the petition is granted in part and denied in part.

### I.  Background

Cruz-Ros is a native and citizen of Guatemala. (Doc. 1 at 3.) He entered the United States without inspection on or about October 9, 2018 with his mother and younger brother when he was fourteen years old. (Id. at 6). On October 12, 2018, Cruz-Ros's mother was served with a notice to appear on his behalf, and he was released from custody under an order of recognizance. (Id.) Cruz-Ros has reported to Immigration and Customs Enforcement ("ICE") when required, the last time being about August 6, 2025. (Id.) Cruz-Ros has a pending application for asylum. (Id. at 7.) He is scheduled for a master hearing before the Immigration Court in Miami on October 12, 2027. (Id.) Cruz-Ros holds a valid work

permit through June 5, 2029 and was working as a landscaper at a commercial site when approached by ICE agents who refused to review his documentation and took him into custody. (Id.) Cruz-Ros has never been arrested for or charged with any crimes. He is being held under 8 U.S.C. § 1225(b)(2). (Doc. 6 at 1.)

## II. Discussion

The core of the dispute before this Court is whether 8 U.S.C. § 1225(b)(2) or § 1226(a) of the Immigration and Nationality Act ("INA") applies to Cruz-Ros. The distinction matters because § 1225(b)(2) mandates detention throughout removal proceedings, whereas aliens detained under § 1226(a) have the right to a bond hearing before an immigration judge. Among other things, Cruz-Ros asks the Court to order the respondents to either release him or provide a prompt bond hearing. (Doc. 1 at 19-20.)

Respondents argue that: (1) 8 U.S.C. §§ 1252(g) and (b)(9) strip the Court of jurisdiction over Cruz-Ros's claims; (2) Cruz-Ros failed to exhaust available administrative remedies; and (3) Cruz-Ros is properly detained under § 1225 and is not eligible for a bond hearing. (Doc. 9 at 3-16.)

The Court has rejected identical arguments in recent cases presenting the same issues. See Cetino v. Hardin, No. 2:25-cv-1037-JES-DNF (M.D. Fla. December 12, 2025); Patel v. Parra, No. 2:25-cv-870-JES-NPM (M.D. Fla. Dec. 2, 2025); Reyes Rodriguez v. Florida Southside Facility, No. 2:25-cv-1012-JES-DNF (M.D. Fla.

2

December 15, 2025). In those cases, the Court was satisfied of its jurisdiction and found that the petitioners were being held in violation of their rights under the INA, entitling them to habeas relief. The Court's reasons for granting habeas relief in those cases apply equally here.

As the Court explained in Cetino and Patel, it has jurisdiction because this action falls outside the scope of §§ 1252(g) and (b)(9), and exhaustion is excused because it would be futile. And like the petitioners in the prior cases, Cruz-Ros's detention is governed by § 1226(a), not § 1225(b)(2).

As a noncitizen detained under § 1226(a), Cruz-Ros is entitled to the statutory process under § 1226(a), which includes a bond hearing. See Jennings v. Rodriguez, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

Accordingly, it is hereby **ORDERED**:

1. Juan M. Cruz-Ros's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED IN PART AND DENIED IN PART.**

2. On or before **December 27, 2025,** Respondents shall provide Cruz-Ros with the statutory process required under § 1226, which includes a bond hearing. All other relief is **DENIED.**[1]

---

[1] Cruz-Ros also seeks an order requiring his immediate release from custody. However, that is not something the Court can provide. "[Section] 1226(a)(1) grants the executive branch

3

3.   If Respondents release Cruz-Ros, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he may be collected.

4.   The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.[2]

**DONE AND ORDERED** in Fort Myers, Florida on December 16, 2025.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

---

discretion to determine whether to detain or release a noncitizen who is facing removal proceedings." Hulke v. Schmidt, 572 F. Supp. 3d 593, 596 (E.D. Wis. 2021). Cruz-Ros is an alien without lawful status. Thus, he is entitled to a bond hearing under § 1226(a), not immediate release. Likewise, his Due Process Clause and APA claims are not addressed "given that the Court [is granting] the relief [Petitioner is entitled to] based on its interpretation of the applicability of § 1226(a)." Pizarro Reyes v. Raycraft, No. 25-cv-12546, 2025 WL 2609425, at *8 (E.D. Mich. Sept. 9, 2025). If Respondents do not provide Cruz-Ros with a bond hearing as ordered, he can renew his Fifth Amendment and APA claims in a subsequent complaint or petition.

[2] The Court is aware of a pending California case that certified a class action of aliens who are in immigration detention and being denied access to a bond hearing. See Bautista v. Santacruz, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025). But no final judgment has been issued in Bautista to bind the parties here. The Court finds no reason to dismiss or stay this case in the meantime.